UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **OPELOUSAS GENERAL HOSPITAL AUTHORITY, A PUBLIC TRUST, d/b/a OPELOUSAS GENERAL HEALTH SYSTEM,** | **CIVIL ACTION NO.** |
| Plaintiff, | **JUDGE** |
| v. | **MAGISTRATE** |
| **LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY d/b/a BLUE CROSS/BLUE SHIELD OF LOUISIANA,** | |
| Defendant. | |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA

The Notice of Removal of Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("BCBS-LA") and the Blue Cross and Blue Shield Association ("BCBSA") for removal of this action from the 27th Judicial District Court, Parish of St. Landry, State of Louisiana, to the United States District Court for the Western District of Louisiana, respectfully shows that:

### REMOVAL PROCEDURE

1.

BCBS-LA is a defendant in a civil action brought by Opelousas General Hospital Authority a Public Trust, d/b/a Opelousas General Health System ("Opelousas Hospital") in the 27th Judicial District Court, Parish of St. Landry, State of Louisiana, entitled, *"Opelousas*

{N3434917.1}

*General Hospital Authority a Public Trust, d/b/a Opelousas General Health System v. Louisiana Health Service & Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana,"* given Docket No. 16-C-3647-C of that Court. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process and orders that have been served on BCBS-LA are attached hereto.

2.

Opelousas Hospital filed its Petition For Damages under La. R. S. 51:137 and for Class Certification ("Petition") on August 24, 2016. Exhibit A. Only BCBS-LA was named as a defendant and served with this Petition.

3.

On June 27, 2017, BCBSA filed a petition for intervention in this litigation in the 27th Judicial District Court, Parish of St. Landry, State of Louisiana under Louisiana Civil Procedure Code Article 1091, attached hereto as Exhibit B. BCBSA's petition to intervene was delivered to BCBS-LA by BCBSA's counsel on or about June 27, 2017.

4.

"A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). In turn, § 1446(b) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

5.

The date of this Notice of Removal is within thirty days of BCBS-LA's receipt of the petition for intervention by BCBSA. Accordingly, this Notice of Removal is timely under 28 U.S.C. §§ 1446(b) and § 1453(b). Furthermore, this Notice of Removal is within 30 days of BCBSA's intervention and is timely on that basis as well. *Id.*

6.

The United States District Court for the Western District of Louisiana is the federal judicial district embracing the 27th Judicial District Court in and for the Parish of St. Landry, State of Louisiana, where the suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. § 1441(a) and 98(c).

7.

Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of the Notice of Removal will be served promptly on Plaintiff and will be filed with the Clerk of Court for the Parish of St. Landry, State of Louisiana.

**JURISDICTIONAL BASIS OF REMOVAL**

8.

This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). CAFA provides that a class action may be removed if: (a) membership in the class is not less than 100; (b) any member of the plaintiff class is a citizen of a foreign country or a state different from any defendant; and (c) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1453(b), 1332(d). All three requirements are met here.

9.

CAFA's first requirement—that class membership be no less than 100—is easily satisfied here. The putative class action is brought on behalf of all Louisiana healthcare providers who (1) are citizens of the state of Louisiana; (2) are contracted with BCBS-LA; and (3) have had one or more medical bills reimbursed pursuant to such contract for any services rendered to a patient in the state of Louisiana. Ex. A ¶ 18. Plaintiff alleges that "there are tens of thousands of Louisiana healthcare providers in the state of Louisiana, the vast majority of which are currently contracted with the Louisiana Blue Cross and which have been reimbursed pursuant to such contracts." *Id.* at ¶ 20. Therefore, plaintiff concedes that the alleged class consists of more than 100 people.

10.

CAFA's second requirement—that any one member of the purported class be a citizen of a state different from any defendant—is also satisfied here. Plaintiff Opelousas Hospital is a citizen of Louisiana. *Id.* ¶ 3. Plaintiff's Petition implicates BCBSA, an Illinois corporation located in Chicago, Illinois, as a co-conspirator. *Id.* ¶¶ 6–12.

11.

BCBSA (not BCBS-LA) owns and licenses the Blue Cross and Blue Shield trademarks (the "Blue Marks"). BCBSA (not BCBS-LA) administers the BlueCard Program. BCBSA therefore is a primary defendant in this matter, and has an interest relating to the subject of this action.

12.

However, plaintiff's Petition names only BCBS-LA as a defendant.

13.

Accordingly, BCBSA has been improperly omitted as a defendant from this lawsuit.

BCBSA's absence as a defendant herein impedes its ability to protect its interests in this action.

14.

BCBSA has moved to intervene as a defendant. Ex. B. Because Opelousas Hospital and BCBSA are citizens of different states, CAFA's minimal diversity requirement is satisfied. 28 U.S.C. § 1332(d)(2)(A).

15.

CAFA's third and final requirement—that the aggregate amount in controversy exceed $5,000,000, exclusive of interest and costs—is also easily satisfied.

16.

In order to invoke federal jurisdiction, BCBS-LA and BCBSA merely must provide an estimate of the amount in controversy which is "plausible and adequately supported by the evidence." *Bloomberg v. Serv. Corp. Intl*, 639 F.3d 761, 763 (7th Cir. 2011). In other words, defendants can "ask the court to make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim." *Robertson v. Exxon Mobile Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Bloomberg*, 639 F.3d at 764 (internal citations omitted).

17.

BCBS-LA and BCBSA have not completed their investigations of OGHA's claims, nor do BCBS-LA and BCBSA concede their merit. However, BCBS-LA and BCBSA estimate that plaintiff seeks to recover more than $5,000,000 in this case. Among other things, plaintiff seeks treble damages on behalf of a putative class of thousands of providers. Ex. A ¶¶ 20, 38–40. And $5,000,000 is a small fraction of what BCBS-LA pays all Louisiana providers in just one year.

18.

During the 3-year period preceding the filing of this matter, one or more other class actions asserting the same or similar claims on behalf of the same or other persons has been filed. (*E.g.*, 8/7/15 Class Action Compl., *Lane Regional Med. Ctr. v. Blue Cross Blue Shield of Alabama*, No. 3:15-cv-00523-BAJ-SCR (M.D. La.) (Dkt. No. 1); 9/30/14 Consol. 2d Am. Compl. ¶ 51 (Provider Track), *In re BCBS Antitrust Litigation*, No. 2:13-CV-20000-RDP (N.D. Ala.) (Dkt. No. 1083); *see generally* Ex. C, Statement of Collateral Actions)

19.

Having satisfied the requirements of 28 U.S.C. § 1332(d)(2), CAFA jurisdiction is satisfied and this matter is properly removed to federal court. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) (discussing CAFA's "basic jurisdictional test.").

WHEREFORE, Defendant, Louisiana Health Service & Indemnity Co. d/b/a Blue Cross and Blue Shield of Louisiana and Blue Cross and Blue Shield Association respectfully pray that this Notice of Removal be deemed good and sufficient, and that Proceeding No. 16-C-3647-C be removed from the 27th Judicial District Court in and for the Parish of St. Landry, State of Louisiana, to the docket of this Honorable Court.

Respectfully submitted,

*s/ Gary J. Russo*
GARY J. RUSSO (#10828)
Jones Walker LLP
600 Jefferson St, Suite 1600
Lafayette, LA 70501
Telephone: (337) 593.7600
Fax: (337) 593.7601
grusso@joneswalker.com

RICHARD J. TYLER (#01155)
MICHAEL C. DREW (#30884)
MARK A. CUNNINGHAM (#01206)
GRAHAM H. RYAN (#34070)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8318
Fax: (504) 589-8318
rtyler@joneswalker.com
mdrew@joneswalker.com
mcunningham@joneswalker.com
gryan@joneswalker.com

CHARLES A. O'BRIEN (#10143)
ALLISON N. PHAM (#29369)
5525 Reitz Avenue (70809)
Post Office Box 98029
Baton Rouge, Louisiana 70898-9029
Telephone: (225) 295-2454
Fax: (225) 297-2760
Andy.O'Brien@bcbsla.com
Allison.Pham@bcbsla.com

*Attorneys for Defendant,*
*Louisiana Health Service & Indemnity Company*
*d/b/a Blue Cross and Blue Shield of Louisiana*

And

*s/Joseph C. Giglio, Jr.*
JOSEPH C. GIGLIO, JR. (#06158)
WILLIAM E. KELLNER (#35860)
LISKOW & LEWIS
822 Harding Street
Lafayette, Louisiana 70503
Telephone: (337) 232-7424
Fax: (337) 267-2398
jcgiglio@liskow.com
wekellner@liskow.com

*Attorneys for the Blue Cross and Blue Shield*
*Association*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June, 2017. a copy of the foregoing Notice of Removal has been served by depositing a copy in the United States mail, postage prepaid and properly addressed to the following parties:

Clerk of Court
27th JDC – St. Landry Parish
118 S. Court Street
Opelousas, LA 70570

Opelousas General Hospital Authority, a Public Trust, d/b/a Opelousas General Health System
Through its counsel of record:

Patrick C. Morrow
James P. Ryan
Morrow, Morrow, Ryan, Bassett & Haik
P. O. Drawer 1787
Opelousas, Louisiana 70571-1787

Thomas A. Filo
Cox, Cox, Filo, Camel & Wilson, LLC
723 Broad Street
Lakes Charles, Louisiana 70601

Stephen B. Murray, Jr.
Arthur M. Murray
Murray Law Firm
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130

*s/ Gary J. Russo*