## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| OPELOUSAS GENERAL HOSPITAL AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>LOUISIANA HEALTH SERVICE & INDEMNITY CO., et al.<br><br>Defendants. | Case No.: 2:17-cv-01708-RDP |

### MEMORANDUM OPINION

This matter is before the court on Plaintiff's motion for remand. (Doc. # 4). The Motion was fully briefed before this case was transferred to this court (Docs. 4-2, 7, 26, 29), but the Honorable Rebecca F. Doherty stayed consideration of the Motion to Remand pending a decision by the Judicial Panel on Multidistrict Litigation on whether to transfer this case to this court in *In re Blue Cross Blue Shield Antitrust Litigation*, MDL 2406. (Doc. # 36). Upon transfer, this court invited supplemental briefing on the Motion to address federal law as interpreted by the Eleventh Circuit Court of Appeals. (Doc. # 42). That supplemental briefing is now complete. (Docs. # 43, 44, 45, 46-2, 48-1).

### I.   Procedural History

In August 2016, Opelousas General Hospital Authority ("Opelousas") filed a class-action lawsuit on behalf of a putative class of all healthcare providers in Louisiana against Louisiana Health Service & Indemnity Company d/b/a Blue Cross Blue Shield of Louisiana (Louisiana Blue Cross), a Louisiana corporation. (Doc. # 1-1). Plaintiff had contracted with Louisiana Blue

Cross to provide medical services under Defendant's healthcare network. Plaintiff alleged that Louisiana Blue Cross had violated Louisiana antitrust law (La. R.S. 51:122 and La. R.S. 51:123) by colluding with other Blue Cross entities to eliminate competition in payment for medical services. (*Id*.). Plaintiff brought suit individually and on behalf of all other Louisiana healthcare providers who had entered into network contracts with Louisiana Blue Cross. Plaintiff did not name any defendants other than Louisiana Blue Cross, the entity with which Plaintiff and the putative class members had contracted. Plaintiff disavowed any and all claims under federal law. (Doc. # 43 at 2).

Louisiana Blue Cross made no effort to remove the state-filed case. (Doc. # 43 at 2). On November 3, 2016, Plaintiff moved for class certification under Louisiana law. (Doc. # 43 at 2). After consideration of dispositive motion practice, on March 22, 2017, Louisiana Blue Cross filed its Answer. (Doc. # 43-2). On April 27, 2017, a Hearing on Plaintiff's Motion for Class Certification was set on June 29, 2017. (Doc. # 43-3).

On June 27, 2017, two days before the class certification hearing, Blue Cross and Blue Shield Association ("BCBSA"), an Illinois corporation, filed a Motion for Leave to Intervene in the action. That same day, although leave to intervene had not been granted, Defendant Louisiana Blue Cross and BCBSA removed this matter to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1446(b)(3), invoking federal jurisdiction under the Class Action Fairness Act, 28 U.S.C.A. §1332(d). This case was thereafter transferred to this court as a tag along by the Judicial Panel on Multidistrict Litigation. (Doc. # 38).

## II. Standard of Review

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994). It is axiomatic that this court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 408 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).

The removing party has the burden of establishing subject matter jurisdiction over a case removed to this court. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). "That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal." *Parker v. Brown*, 570 F. Supp. 640, 642 (S.D. Ohio 1983) (citations omitted). Courts strictly construe removal statutes. *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Vestavia Hills*, 676 F.3d at 1313.

In multidistrict litigation, "on matters of procedure, the transferee court must apply federal law as interpreted by the court of the district where the transferee court sits." *Various Plaintiffs v. Various Defendants ("Oil Field Cases")*, 673 F.Supp.2d 358, 362–63 (E.D. Pa. 2009) (Robreno, J.); *see also Murphy v. F.D.I.C.*, 208 F.3d 959, 966 (11th Cir. 2000) ("uniformity does not require that transferee courts defer to the law of the transferor circuit."); *Costco Wholesale Corp. v. Johnson & Johnson Vision Care, Inc.*, 2015 WL 9987969, at *1 (M.D. Fla. Nov. 4, 2015) (in multidistrict litigation, "the law of this Circuit applies to federal claims and procedural matters.").

**III. Analysis**

There are two ways for a defendant to remove a case under § 1446(b):

> The first way (formerly referred to as "first paragraph removals") [and accomplished via § 1446(b)(1)] involves civil cases where the jurisdictional grounds for removal are apparent on the face of the initial pleadings. The second way (formerly referred to as "second paragraph removals") [and accomplished via § 1446(b)(3)] contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

*Jones v. Novartis Pharms. Co.*, 952 F. Supp. 2d 1277, 1281–82 (N.D. Ala. 2013) (quoting 28 U.S.C. § 1446(b)(3)).

Defendants removed this action under § 1446(b)(3), which reopens the removal period for thirty days when the defendant receives a document "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). (Doc. # 1 at 2). When a case is removed pursuant to § 1446(b)(3), a defendant must "unambiguously establish federal jurisdiction" from "other paper" received "from the plaintiff" (or the court, if the document is an order). *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007), *overruled on other grounds by Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *Sallee v. Ford Motor Co.*, 2014 WL 1492874, at *4–5 (M.D. Ala. Apr. 16, 2014) (discussing the procedure governing § 1446(b)(3) removals); *Exum v. State Farm Fire & Cas. Co.*, 821 F. Supp. 2d 1285, 1291–94 (M.D. Ala. 2011) (noting the tension between *Lowery's* "unambiguously establish" standard and the preponderance standard of *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), and recognizing that *Lowery* remains good law as to "other paper" removals); *Moore v. Wal-Mart Stores E., L.P.*, 2015 WL 5813164, at *6 (M.D. Ala. 2015) ("Despite Plaintiff's protestations and the flux within the Eleventh Circuit regarding how to reconcile it with the preponderance of the evidence standard, *Lowery* has yet to be

overruled or otherwise abrogated, and its 'unambiguously establish' standard applies to the case at bar.").

Importantly, Section 1446(b)(3) permits removal within thirty days after the defendant's receipt *from the plaintiff* of "other paper from which it may first be ascertained that the case is one which is or has become removable." *Simpson v. Primerica Life Ins. Co.*, 2017 WL 2857699, at *2 (M.D. Ala. May 22, 2017), *report and recommendation adopted*, 2017 WL 2838078 (M.D. Ala. June 30, 2017). In other words, under this subsection, "a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first [] ascertain' that federal jurisdiction exists." *Lowery*, 483 F.3d at 1213 n.63 (quoting 28 U.S.C. § 1446(b)).

Here, the propriety of Defendants' removal turns on the applicability of the voluntary-involuntary rule. The voluntary-involuntary rule has been recognized for well over a century. *See, e.g., Whitcomb v. Smithson*, 175 U.S. 635, 638 (1900); *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918). The rule survived the codification of section 1446, and is still followed by the Eleventh Circuit. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 761 (11th Cir. 2010); *Insinga v. LaBella*, 845 F.2d 249, 252 (11th Cir. 1988). The rule provides that "only a voluntary act by the plaintiff may convert a non-removable case into a removable one." *Pretka*, 608 F.3d at 761. Thus, for example, "if [a] resident defendant [is] dismissed from the case by the voluntary act of the plaintiff, the case [becomes] removable, but if the dismissal [is] the result of either the defendant's or the court's action against the wish of the plaintiff, the case [can]not be removed." *Insinga*, 845 F.2d at 252; *see also Pretka*, 608 F.3d at 761 (explaining "that an initially non-removable case cannot be converted into a removable one by evidence of the defendant or by an

5

order of the court.") (internal quotation marks omitted). In *Insinga*, the Eleventh Circuit recognized that the voluntary-involuntary rule serves a dual purpose: (1) ensuring the finality of state-court proceedings and (2) promoting a plaintiff's right to choose a litigating forum. 845 F.2d at 253.

"Where courts have found that plaintiffs crossed the line into the 'voluntary' side of the voluntary-involuntary rule, the plaintiff undertook some affirmative act that was analytically similar to abandoning the claims against the defendant." *Farah v. Guardian Ins. & Annuity Co., Inc.*, 2017 WL 3261604, at *6 (S.D. Fla. Aug. 1, 2017). If a court order or a "dismissal [is] the result of either the defendant's or the court's action *against* the wish of the plaintiff, the case [cannot] be removed." *Insinga*, 845 F.2d at 252 (emphasis added). Stated in other terms, 'involuntary changes in a case do not create removability if the case as stated in the plaintiff's initial pleading was not removable." 16 James Wm. Moore et al., *Moore's Federal Practice,* § 107.30 (3d ed. 2010).

Defendants have given little attention to the voluntary-involuntary rule in their briefing on Plaintiff's Motion to Remand. Rather, they have focused their argument on their right to intervene. But even if Defendants had the right to intervene, they must still satisfy the voluntary-involuntary rule. Thus, the court turns to that question.

In *Henderson v. S. States Police Benevolent Ass'n, Inc*., the plaintiffs filed a petition in the Chancery Court for Hamilton County, Tennessee, against the City of Chattanooga under the Tennessee Open Records Act ("TORA"), Tenn.Code Ann. § 10–7–505. 2002 WL 32060139, at *1 (E.D. Tenn. Mar. 15, 2002). The petition did not assert any federal claims, nor did it raise any federal questions; rather, it was based solely on a state law claim that plaintiffs were entitled to access to photographs of certain police officers pursuant to TORA. *Id.* A motion to intervene was

subsequently filed by additional plaintiffs (whose interests were contrary to the interests of the original plaintiffs), and a proposed new pleading which raised federal questions was presented by those seeking to intervene. *Id.*, at 2. The original plaintiffs opposed the motion to intervene and the filing of a new complaint. *Id.*, at 5. The motion to intervene was granted, and the City immediately filed a notice of removal based on the second paragraph of § 1446(b). *Id.*, at 2.

The original plaintiffs moved to remand, contending that "a complaint filed in state court which is not removable to federal court cannot later be made removable or transformed into a removable case by the unilateral actions of an intervening party or by a state court granting the motion to intervene." *Henderson*, 2002 WL 32060139 at 1. Therefore, the court considered "the voluntary-involuntary rule that applies in removal cases." *Id.*, at 5.

In finding that the removal was improvident, the *Henderson* court reasoned that "the longstanding voluntary-involuntary rule is consistent with the well-pleaded complaint doctrine. The basic premise is that because a plaintiff is the master of his own complaint, involuntary changes caused by a party other than the plaintiff cannot make a case removable." *Henderson*, 2002 WL 32060139 at 5 (citing *Great No. Ry. Co. v. Alexander*, 246 U.S. 276, 281–82 (1918) and *Insinga*, 845 F.2d at 253–54 (the voluntary-involuntary rule and the well-pleaded complaint doctrine have common origins.)). The court concluded that the intervening complaint did not create a valid basis for removal because the claims asserted in that complaint were not introduced by the voluntary act of the original plaintiffs. *Id.*, at 6. "On the contrary, the original plaintiffs vigorously opposed the filing of the intervening complaint … ." *Id.* Therefore, the court held that "removal was not proper under 28 U.S.C. §§ 1441(a) and 1446(b)." *Id.*

Other courts have also considered the voluntary-involuntary rule in relation to a removal based on intervention and have held that those parties who are introduced into a case by way of

intervention do not have a right to remove the case. *See, e.g.*, *Vill. of Chestnut Ridge v. Town of Ramapo*, 2008 WL 4525753, at *6 (S.D. N.Y. Sept. 30, 2008) (citing *Childs v. Valente*, 2007 WL 805820, at *l-2 (D. Vt. Mar. 15, 2007) ("Defendant's position runs counter to substantial case law holding removal may not be predicated on an intervening petition or complaint."); *Henderson*, 2002 WL 32060139, at *7 (holding that claims introduced by intervention cannot be basis for removal); *Hopkins Erecting Co., Inc. v. Briarwood Apartments of Lexington*, 517 F.Supp. 243, 250 (E.D. Ky.1981) (rejecting removal based on intervener's claims that were not pled by plaintiff)).

Defendants argue that the Eleventh Circuit's decision in *Insinga* stands for the proposition that "removal can be based on the action of a party other than the plaintiff or even over plaintiff's objection." (Doc. # 48-1 at 3). The court disagrees. In *Insinga*, the case was removed from state to federal court after the time had run for an appeal of an order granting summary judgment in favor of a resident defendant based on sovereign immunity. The Eleventh Circuit held that the voluntary-involuntary rule did not apply and upheld the removal. Our Circuit reasoned that, even though the dismissal of the defendant was against the wish of the plaintiff, the voluntary-involuntary rule did not apply and the case was properly removed because the dismissal was (1) final and (2) jurisdictional, rather than on the merits. 845 F.2d at 254.

The court analogized the jurisdictional dismissal to a fraudulent joinder, which "is a well established exception to the voluntary-involuntary rule." *Insinga*, 845 F.2d at 254. The *Insinga* court further stated that, "[f]or all intents and purposes, a trial court's finding that it lacks jurisdiction over a resident defendant is akin to a finding of fraudulent joinder of that defendant in that it involves a determination by the court that the resident defendant was never properly

before the court, rather than a determination that the court had jurisdiction of that defendant but that the case against him, although not frivolous, was not meritorious." *Id.*, at 254-55.

After careful review, the court finds that *Insinga* is of no help to Defendants. The Circuit's finality distinction in *Insinga* is irrelevant here because there is no finality in play at this stage of this litigation. "Absent finality, the voluntary-involuntary rule is dispositive." *Barron v. Werner Enterprises, Inc.*, 462 F. Supp. 2d 1217 (M.D. Ala. 2006). Moreover, here, there is no issue of fraudulent joinder. BCBSA seeks to intervene, rather than to dismiss a claim against it based on a lack of jurisdiction. Therefore, Defendants' reliance on *Insinga* is misplaced.

Defendants also argue that, under three decisions that are binding on this court -- *City of Waco v. U.S. Fid. & Guar. Co.*, 293 U.S. 140, 143 (1934), *Farina v. Mission Inv. Tr.,* 615 F.2d 1068, 1074–75 (5th Cir. 1980), and *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 782 (11th Cir. 2005) -- its intervention forms a proper basis for removal. Again, the court disagrees.

First, in *City of Waco*, the Supreme Court never addressed the propriety of the removal. 293 U.S. at 142-43. The Circuit Court of Appeals had dismissed the appeal, holding that no appeal lies from an order of remand. *Id*., at 143. The Supreme Court reversed and remanded with instructions for the Circuit Court of Appeals to reinstate the appeal because the petitioner was entitled to have that court determine whether the dismissal of its cross-action against the Fidelity Company was proper. *Id*., at 143. Thus, *City of Waco* is simply inapposite to the question presented here.

Second, Defendants' reliance on *Farina* and *Castleberry* is similarly off the mark. In *Farina*, the plaintiff served the Federal Deposit Insurance Corporation (FDIC) with the complaint because he understood that one of the defendants was in receivership, and that the FDIC was its receiver. 615 F.3d at 1071. Thereafter, the FDIC filed a Petition for Removal citing

12 U.S.C. § 1819(a).[1] *Id.* Importantly, the plaintiff made no objection to the FDIC's removal of the case while the litigation was pending. *Id.* On appeal, the plaintiff did not argue that the removal was improper, and the court did not even mention the voluntary-involuntary rule. *Id.*, at 1074-75.

In *Castleberry*, the plaintiffs filed a class action against a bank in receivership and a second financial entity which had purchased their loan. 408 F.3d at 777. Plaintiffs amended their complaint to add other defendants, including Daiwa. *Id.* Daiwa filed a cross claim and joined FDIC–Corporate and FDIC–Receiver as defendants. *Id.* FDIC–Corporate and FDIC–Receiver removed the action to federal district court pursuant to 12 U.S.C. § 1819(b)(2)(B). *Id.* Plaintiffs moved to remand and argued that removal by FDIC–Corporate and FDIC–Receiver was either (1) untimely, (2) improper pursuant to 12 U.S.C. § 1819(b)(2)(D), or (3) ineffectual because Daiwa had not properly joined them as parties pursuant to Alabama law. *Id.* The district court denied the motion to remand and found that it had subject matter jurisdiction. *Id.* However, the court evaluated removal jurisdiction under Section 1819, which "includes special provisions regarding removal and jurisdiction for civil suits in which the FDIC is a party." *Id.*, at 781. Again, nowhere in its decision did the *Castleberry* court address either removal under 28 U.S.C. § 1446(b)(3), or the voluntary-involuntary rule.

Here, the Association may very well be entitled to intervene as a matter of right. But that is not dispositive of Defendants' right to remove. Plaintiff has vigorously opposed both intervention *and* removal. (Docs. # 4, 29, 41, and 43). Simply stated, nothing about the Association's inclusion in this case could possibly be construed as voluntary. "The traditional

---

[1] At the time of removal (unlike at present), the fourth subparagraph of Section 1819(a) provided that "All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy." *Farina*, 615 F.2d at 1071 n.7 (quoting 12 U.S.C. § 1819(a)).

rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable one. Thus, a defendant cannot show that a previously non-removable case 'has become removable' as a result of a document created by the defendant." *Interstate Paper, LLC v. Flathmann*, 2016 WL 3267197, at *3 (S.D. Ga. June 10, 2016) (quoting *Pretka*, 608 F.3d at 761 (in turn quoting *Lowery*. 608 F.3d at 757))); *see also Burrowes v Swift Transp. Co., Inc*., 2010 WL 2976102 (S.D. Ala. June 29, 2010) (same). "[The Association] attempts to justify the removal of [t]his case to this [c]ourt on the basis of a document that [it] drafted. As such, the removal was not proper. Policy concerns buttress this conclusion. To hold otherwise would grant defendants inordinate power to become masters of a plaintiff's complaint." *Flathmann*, 2016 WL 3267197 at *4.

## IV. Conclusion

For the foregoing reasons, Defendants' removal of this action was improper under 28 U.S.C. § 1446(b)(3). Plaintiff's Emergency Motion to Remand (Doc. # 4) is due to be granted. A separate order will be entered.

DONE and ORDERED this April 9, 2018.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE